UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WILFRED ROY ROBERTS,

                       Petitioner,

   -against-

UNITED STATES OF AMERICA,

                       Respondent.
---------------------------------------------------------------x

MEMORANDUM AND ORDER

07-CV-5427 (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 6 2008 ★
P.M.
TIME A.M.

VITALIANO, D.J.

    Petitioner Wilfred Roy Roberts has filed a petition pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds of ineffective assistance of trial and appellate counsel. Roberts was convicted after a jury trial of being an alien who illegally re-entered the United States after having previously been deported subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2); using a false, forged, counterfeited, mutilated, or altered passport, in violation of 18 U.S.C. § 1543; and using a means of identification of another person, without lawful authority, during and in relation to the commission of the other charged offenses, in violation of 18 U.S.C. § 1028A(a)(1). Roberts was sentenced, on November 17, 2006, principally to: a 120-month term of incarceration on Count One (illegal re-entry); a concurrent term of 100 months on Count Two (passport fraud); and a consecutive term of 24 months on Count Three (aggravated identity theft). After filing a notice of appeal, defense counsel subsequently filed an <u>Anders</u> brief certifying that there were no non-frivolous issues on appeal. That appeal is now pending before the Second Circuit.

    The government has moved to dismiss on the merits and also on the ground that the petition is premature due to the pendency of Roberts's direct appeal. It is "well-settled



that absent exceptional circumstances, a prisoner is not allowed to bring a § 2255 petition while his direct appeal is pending, since disposition of the appeal may render the § 2255 petition unnecessary." United States v. Goldberg, No. 06 Cr. 135, 2007 WL 25049, at *2 (S.D.N.Y. Jan. 4, 2007). Roberts concedes that his petition is premature and therefore requests a dismissal without prejudice to re-filing.

Accordingly, as the parties agree that the petition should be dismissed, the Court dismisses the petition without prejudice to re-filing after the Second Circuit has disposed of Roberts's appeal.

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2008

ERIC N. VITALIANO
United States District Judge